IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KAREN L. DONNELLEY,            )
                               )
         Plaintiff,            )
                               )
v.                             )   Case No. CIV-12-174-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
         Defendant.            )

## OPINION AND ORDER

Plaintiff Karen L. Donnelley (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 7, 1961 and was 49 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. She earned a certificate as a nurse's aide. Claimant worked in the past as a nurse's aide. Claimant alleges an inability to work beginning January 1, 1999 due to limitations resulting from seizures, vision problems, hypertension,

3

headaches, breathing problems, chest pain, problems around fumes, ankle problems, and sleep problems.  Claimant also complains of depression, memory and concentration problems, problems understanding and following instructions, problems handling stress, and problems handling crowds.

## Procedural History

On August 10, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On September 28, 2010, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma.  On January 10, 2011, the ALJ issued an unfavorable decision.  On March 12, 2012, the Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of

light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinion of the state agency physician regarding Claimant's mental functioning limitations; and (2) accepting the vocational expert's testimony when it was inconsistent with the *Dictionary of Occupational Titles ("DOT")*.

### Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from the severe impairments of seizure disorder, by history, residuals of a fibula fracture, severe tobacco abuse, depression, and scattered wheezing in all lung fields with rhonchi in all lung fields. (Tr. 15). The ALJ determined Claimant retained the RFC to perform less than a full range of light work. He found Claimant could occasionally stoop, crouch, crawl, kneel, and balance, could occasionally climb stairs but could not climb ladders. Claimant must avoid concentrated exposure to dust, fumes, gases, and other pulmonary irritants and avoid all exposure to heights and dangerous moving machinery. The ALJ also found that due to psychologically based factors, Claimant had some limitations but can understand, remember and carry out simple instructions. She could adapt to changes in her environment. Claimant was found to be able to

5

interact superficially and incidentally for work purposes with supervisors, coworkers, and the public. (Tr. 17). After consultation with a vocational expert, the ALJ found Claimant could perform the representative job of a café food worker, which he found existed in sufficient number nationally and regionally. He, therefore, concluded Claimant was not disabled. (Tr. 22).

Claimant first contends the ALJ failed to properly evaluate the opinion of a state agency physician regarding her mental functional limitations. On January 27, 2010, Dr. Deborah Hartley completed a Mental RFC Assessment form on Claimant. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. She also found Claimant was moderately limited in the area of the ability to interact appropriately with the general public. (Tr. 361-62). She concluded in her narrative statement that Claimant was able to think, remember, and carry out simple instructions, could adapt to changes in her environment, and was able to interact superficially and incidentally for work purposes with supervisors, coworkers, and the general public. (Tr. 363).

The ALJ considered Dr. Hartley's opinion insofar as it stated an ability to think, remember, and carry out simple instructions, allowed for adapting to changes in Claimant's environment and provided for the ability to interact superficially and incidentally

for work purposes with supervisors, coworkers, and the general public. (Tr. 19). The ALJ did not address Dr. Hartley's finding of a marked limitation in Claimant's ability to understand, remember, and carry out detailed instructions in his RFC determination. (Tr. 17). The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

    The ALJ selectively ignored Dr. Hartley's opinion dealing with detailed instructions. Moreover, the job of café worker requires a reasoning level of 2. DOT #311.677-014. Reasoning level 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, App. C. If the limitation on detailed instructions were included in Claimant's RFC, it is likely that she would not meet the requirements for the identified job. On remand, the ALJ shall address the limitation on detailed instructions contained in Dr. Hartley's opinion, providing the weight given to the opinion, the basis for doing so, and the basis for rejecting the finding of

7

limitations omitted from his decision.

## Consistency with DOT

Claimant contends the ALJ failed to obtain an explanation for the deviation from the DOT his questioning of the vocational expert elicited.  The ALJ's hypothetical questioning of the vocational expert mirrored his RFC findings.  With regard to mental limitations of function, the ALJ limited Claimant to interacting superficially and incidentally for work purposes with supervisors, coworkers and the general public.  (Tr. 49).  The vocational expert stated that with Claimant's restrictions, she could perform the job of cafeteria food service worker, which the expert classified as light, semiskilled with an SVP of 3.  (Tr. 52).  The DOT specifies that the job of café attendant requires "significant" people service.  DOT #311.677-014.  This requirement would appear to be in conflict with the mental/social restriction contained in Claimant's RFC as specified by the ALJ.

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993).  However, an "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may

8

rely on the expert's testimony as substantial evidence to support a determination of nondisability." Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). The ALJ and the vocational expert failed to explain the apparent deviation from the DOT in the hypothetical questioning at step five so it was improper for the ALJ to rely upon the vocational expert's testimony as it currently stands in the record. On remand, the ALJ shall obtain the necessary explanation.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 20th day of September, 2013.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma